

FILED

JUL 05 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Name _Jason Best_

Prison Number _34828-077_

Address or Place of Confinement
_P.O. BOX 019001_
_United States Penitentiary Atwater_
_Atwater, CA, 95301_

Note: If represented by an attorney, write attorney's name, address & telephone number

---

# United States District Court

---

Full Name (First, Middle, Last) _Jason Best_

Petitioner,

vs.

Name of Warden _B.M. Trate_

(or other authorized person having custody of petitioner)

Respondent.

CASE NO. _1:22-CV-00821-EPG (HC)_

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. __X__ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. _____ other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

RECEIVED

JUL 05 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

**PETITION**

(1)   Place of detention: _U.S.P Atwater_

(2)   Name and location of court which imposed sentence: _5400 Federal Plaza_
_Hammons IN  46368_

(3)   Offense(s) and indictment number(s) (if known) for the sentence imposed:
_21 USC 846 (count 1) 21 USC 841 (count 2-3) 21 USC 856_
_counts (7-8)_

(4)   The date the sentence was imposed and the terms of the sentence:
_March 2, 2022_

(5)   What was your plea (check one):        Not guilty (✗)        Guilty ( )        Nolo contendere ( )

(6)   Kind of trial (check one):              Jury (✗)              Judge only ( )

(7)   Did you appeal from the judgment of conviction or the imposition of sentence:   Yes (✗)        No ( )

(8)   If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: _7th Circuit Court of Appeals_
Grounds raised (list each):
        1)        _Unknown_
        2)

Result/Date of result: _Unknown_

SECOND APPEAL:
Name of court:
Grounds raised (list each):
        1)
        2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)   State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal
manner.  Summarize *briefly* the *facts* supporting each ground

      CAUTION:   If you fail to set forth all grounds in this petition, you may be barred from presenting
      additional grounds at a later date.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

→   **GROUND ONE** _See Attached_

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

CAUTION:   You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place. *See Attached*

→  GROUND TWO _____ *n/a* _____

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law). *N/A*

## ADMINISTRATIVE APPEALS

(10)  Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )      No (X)    If your answer is no, explain why not: _____ *N/A* _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
      1) _____ *N/A* _____
      2) _____
Result/Date of result:_____

SECOND ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
      1) _____ *N/A* _____
      2) _____
Result/Date of result_____

THIRD ADMINISTRATIVE APPEAL        Level of appeal:_____ *N/A* _____
Grounds raised (list each):

1) _____ *N/A* _____
2) _____
Result/Date of result: _____

FOURTH ADMINISTRATIVE APPEAL      Level of appeal: _____
Grounds raised (list each):
      1) _____ *N/A* _____
      2) _____
Result/Date of result: _____

(11)    Is the grievance process completed?      Yes ( )      No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under <u>28 U.S.C. § 2241</u> or <u>28 U.S.C. § 2255</u>, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( )          No (✗)

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

<u>FIRST PREVIOUS PETITION</u>
Name of court: _____ *N/A* _____
Nature of proceeding: _____
Grounds raised (list each):
      1) _____ *N/A* _____
      2) _____
Result/Date of result: _____

<u>SECOND PREVIOUS PETITION</u>
Name of court: _____ *N/A* _____
Nature of proceeding: _____
Grounds raised (list each):
      1) _____ *N/A* _____
      2) _____
Result/Date of result: _____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255. *See Attached*
_____
_____
_____
_____
_____

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY

(15)    Are you presently represented by counsel?

Yes ( )          No (X)

If so, provide your attorney's name, address, and telephone number:

_____ *N/A*

_____

(16)  If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (X)          No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

_____

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

6. 30 . 2022                    Jason Rest
_____          _____
(Date)                           (Signature of Petitioner)

_____
(Signature of Attorney, if any)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION


| | |
|---|---|
| Jason BEST, | ( § 28 USC 2241 |
|     PETITIONER | ( ACTUAL INNOCENCE |
|        V | ( |
| WARDEN B.M. TRATE | ( |
|     RESPONDENT | ( |
| | ( |

-----------------------------------------------------------------

Now comes Jason Best, pro se litigant asking the court to grant this 28 U.S.C. § 2241 petition under actual innocence:


BACKGROUND

On January 19, 2001 Mr. Best was charged in a superseding indictment with the following: count 1-Conspiracy to Distribute 50 grams or more 21 U.S.C. § 846; Count 2 Possession with Intent to Distribute cocaine base 21 U.S.C. 841; Count Possession with Intent to distribute 5 grams or more of cocaine base 21 U.S.C § 841; Count 6,7,8,9 Maintaining a place to Distribution Cocaine base, 21 U.S.C. § 856; Count 10 carrying a firearm in relation to a drug trafficking crime 18 U.S.C. § 924 (J); Felon in possession of a firearm, 18 U.S.C. § 922 (g) (1).

On July 23, 2002, Mr. Best was found guilty by a jury in Counts 1,2,3,7 and 8. He was found not guilty on 6 and 9. On October 24,2002, counts 10 and 11 were dismissed by the court. At the time of Mr. Bests convictions, the penalties prescribed in 21 U.S.C. § 841(b)(1)(c) for 50 grams or more grams of cocaine base triggered a minimum of 10 years of imprisonment with a maximum penalty of life. The penalties prescribed in § 841(b)(1)(B) for 5 or more grams of crack cocaine triggered a mandatory minimum of 5 years of imprisonment with a maximum penalty of 40 years imprisonment .

Over Best objections, the court found he was responsible for in excess of 1.5 kilograms of cocaine base. The probation office determined that Best was responsible for 28.71 kilograms of crack cocaine. However, the 27.1 kilograms were calculated and derived from either a count in which Mr. Best had been acquitted or for uncharged conduct.

In count 6, Mr. Best was charged with Maintaining a place for the distribution of Cocaine base(411 mount street, Gary Indiana). The jury found him not guilty. Nevertheless, the court attributed 19 kilograms of crack cocaine to Mr. Best for actives, most of which was conducted by others, at the 411 Mount street address. The court also attributed 8.1 kilograms of cocaine base to Mr. Best from the drugs activities at 5209 West 9ah Ave. in Gary Indiana even though the government choose not to charge him with this conduct. Therefore, the drug weight at this location was calculated without a jury finding.

At the time of sentencing, 28.71 kilograms of cocaine base placed Best at a base offense level 38. Mr. Best received a 2

level increase for possessing firearms. He also received a 4
level increase for being a manager or supervisor of 5 or more
participants in the commission of the offense. He received no
adjustments for acceptance of responsibility. Therefore, Mr.
Best total offense level became 44 and his criminal history
was 5 resulting in a guideline range of life .

On January 15, 2004, the court sentenced Mr. Best to life
imprisonment and 5 years supervised released. On October 2008,
the court denied Mr. Bests motion pursuant to § 3582(c)(2) and
Amendment 706 of the U.S Sentencing Guidelines.


THE FIRST STEP ACT OF 2018

On December 21, 2018, the First Step Act was signed into law.
Section 404 of the Act makes section 2 and 3 of the Fair
Sentencing Act retroactive.(see) Pub. L. No.115-391, 404, 132
stat. 5194, 5222. Section 404 authorizes a court"that imposed
a sentence for a covered offense"to "impose a reduced sentence
as if section 2-3 of the Fair Sentencing Act of 2010 were in
effect,

NE 404(b) defines a covered offense"as a "violation of a
Federal criminal statute, the statutory penalties for which
were modified by sections 2 and 3 of the fair sentencing act
of 2010 that was committed before August 3, 2010" Sec. 404(a).
The court may not entertain a motion in two limited
circumstances:"if the sentence was imposed or previously
imposed or previously reduced in accordance with the
amendments made by section 2 and 3 of the fair sentencing act
of 2010"or "a previous motion made under this section to
reduce the sentence was, after the date of enactment of this

Act, denied after a complete review of the motion on the
merits.""Nothing in this section shall be construed to require
a court to reduce any sentence pursuant to this section."

According to the First Step Act, the Act changed the
threshold of the amount of drugs that's needed to trigger a
mandatory minimum.

For example, before the Act, 50 grams or more triggered 10
years to life; 5 grams or more of cocaine base triggered a
mandatory sentence of 5 years to 40. Now the First Step Act of
2018 make the threshold 280 grams to meet the mandatory
minimum penalty of 10 years, instead of the 50 grams  meeting
that same threshold, § 841(b)(1)(A); also instead of the 5
grams it would've token to meet the 5-40, now it take 28 grams
to meet that same threshold in violating § 841(b)(1)(B). In
short, Best now since the Act was passed, is in the category
of a mandatory minimum of 5 years and maximum of 40 years .


HABEAS STANDARD OF REVIEW

I. Jason Best is asking the court to grant his petition under
28 U.S.C. § 2241, actual innocence.

II. To prevail on a § 2241 petition, the Petitioner must show
the court that he has jurisdiction under the escape hatch of
28 U.S.C.§ 2255(e), which permits a federal prisoner to file a
§ 2241 petition to contest the legality of a sentence where
his remedy under § 2255 is inadequate or ineffective to test
the legality of his detention.

III. According to Allen v Yves, 950 F.3d 1184 (9ah Air.
2020), the Court Stated "Along with many of our sister
circuits, we have held that a § 2241 petition is available

under the escape hatch of the § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed shot at presenting that claim". In this circuit, a petitioner claim of actual innocence for purpose of the escape hatch of § 2255 must meet the standard articulated by the Supreme Court in Bousely v United States, 523 US 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998): To establish actual innocence, petitioner must demonstrate, that in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Stephens, 464 F.3d at 898 (qouting Bousley, 523 U.S. at 623).

From the time that the Supreme court ruled on Apprendi (2000) there wasn't a complete understanding on an or about the 6th Amendment an all the protections that it gave a defendant during the sentencing phases. In 2004, when an during the process of Best sentencing it wasn't a practice of the court to see that a defendant would be actually innocent of the enhanced mandatory minimum penalty for drug quantities used in the Presentence Investigation Report not charged in the indictment or submitted to the petit jury and proven beyond a reasonable doubt and\or returned in the verdict form, this procedure was not being practiced or recognized by the Seventh Circuit. Apprendi's mandatory maximum statutory penalty standard of review was the ruling authority at that time. United States v. Best, 426 F.3d 937 (7th Cir. 2005). Therefore, it would have been, as it was, futile to raise this claim on appeal and on § 2255, because the courts at that time wasn't interpreting Apprendi below the mandatory minimum standard of review, but it was tried in Best direct Appeal and

his § 2255 and denied because of precendent cases in Seventh
Circuit.

It wasn't until Alleyne v. United States, 133 S.Ct.
2151(2013), that the Supreme Court clarified the extent of the
6th Amentment and declared that, "Any fact that increases the
statutory minimum penalty, must be submitted to the jury and
proven beyond a reasonable doubt." And it wasn't until
February 24, 2020, that the Ninth Circuit declared in Allen v.
Ives, 950 F.3d 1184 (9th Cir. 2020), that Alleyne was
incorporated into the § 2255(e) "Escape Hatch" to invoke the §
2241 Habeas Corpus jurisdiction. This is 17 years later.
Before 2020, actual innocent exceptions to procedural claims
were legally barred from review or challenge on direct appeal
and § 2255. Therefore, petitioner did not have an unobstructed
procedural shot to raise his actual innocence of the enhanced
statutory minimum mandatory penalty claim under 21 U.S.C. §
841(b)(1)(A), because it was foreclosed by existing precedent
at that time.


GROUND ONE
Whether Jason Best is actually innocent of his enhanced
mandatory maximum penalty of 40 years or 480 months of
imprisonment that exceeds his statutory minimum penalty of 5
years imprisonment under the Fair Sentencing Act of 2010, Pub.
L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (codified at 21
U.S.C. § 841 note), Made retroactive by the First Step Act of
2018, H.R. 5682, 115th Cong. (Dec. 21, 2018), and violated his
5th Amendment right to indictment by grand jury and his 6th
Amendment right to trial by jury guaranteed by the

Constitution Due Process.

FACTS

Petitioner contends that the 28.71 kilograms of cocaine base identified in the PSI Report Page 3 of 4 at Base Offense Level 38 was not charged in the indictment by the grand jury nor submitted to the petit jury and proven beyond a reasonable doubt and\or returned in the verdict form. The only specific quantity or amount of cocaine base noticed by petitioner was the stipulation between him and the government, the 83.2 grams of cocaine base, that was read to the jury during the course of Best trial, not the 28.71 kilograms of cocaine base identified in the PSI Report. See Docket No. 401 Court Records.

Under Alleyne v. United States, 570 U.S. 99, 107-08, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), 'a fact that increases a mandatory minimum sentence is an "element of the offense." If an element of and offense is not established, a defendant is necessarily innocent of that offense. See Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); United States v. Geozos, 870 F.3d 890 (9th Cir. 2017), abrogated on other grounds by Ward v. United States, 936 F.3d 914 (9th Cir. 2019) ("[A]ny fact increasing either end of [a sentecing] range produces a new penalty and constitutes an ingredient of that offense."

The 28.71 kilograms of cocaine base identified in the USPO's PSI Report, and or any amount that was tooken into consideration above the contract\stipulation that was agreed to by the Government and the defendant during trial, increased

petitioner's minimum mandatory penalty of 5 years under 21
U.S.C. § 841

(b)(1)(B) and trigger a Alleyne\6th violation. The 83.2 grams
of cocaine base stipulated to by all the parties base offense
level was and is 24 under U.S.S.G. § 2D1.1(c)(Atleast 28 G but
less than 112 G) with the Criminal History Category VI is a
sentencing guideline range of 110-125 months imprisonment, as
opposed to the Base Offense Level of 44 at a Criminal History
Category VI at the advisory guideline range of 360-life
imprisonment or statutory maximum penalty of 40 years
imprisonment under 21 U.S.C. § 841(b)(1)(B) and U.S.S.G. §
5G1.1 for the 28.17 kilograms of cocaine base. A
420 month sentence of imprisonment greater than the statutory
minimum penalty of 5 years imprisonment or 60 months
imprisonment under the United States Advisory Sentencing
Guidelines.

   Therefore, even with the +2 pts. for dangerous weapons or the
firearm possessed in connection with the drug trafficking
crime under § 2D1.1(b)(1) and the +4 pts. added for the
organizer and leadership role in the offense under U.S.S.G. §
3B1.1(a), petitioner Base Offense Level would be 30 at a
criminal history category VI, a sentencing range of 168-210
months imprisonment. A 310 month sentence of imprisonment
lesser than the First Step Act of 2018 sentencing reduction
awarded. So, petitioner is approximately 91 months in excess
of his expired lawfully authorized sentence required by
Congress, which is 14 years imprisonment.

SUMMARY

   If the § 841(b)(1)(A) threshhold quantity is 280 grams of

cocaine base necessary to trigger the 10 years statutory minimum penalty. Even if you miltiply the stipulated 83.2 grams of cocaine base 3X (252 grams of cocaine base), it still would not meet the threshhold quantity (280 grams of cocaine base) that it would take to trigger the 10 year mandatory minimum penalty under § 841(b)(1)(A).

So, how did 30 extra years get added on to petitioners' sentence without due process right to notice, or of either an § 851, Career Offender or ACCA enhancement classification or status? Clearly a violation of the 6th Amendment, a right that's afforded by the constitution and articulated by Alleyne. As a result, the petitioner was prejudice.

Therefore, petitioner is actually innocent of the increased maximum sentence of 480 month imprisonment or 40 years statutory maximum penalty and he is actually innocent of the 28.71 kilograms of cocaine base, that was used to enhance that sentence. This enhancement was not submitted to the jury and proven beyond a reasonable doubt and returned in the verdict form.

CONCLUSION

Wherefore, petitioner is requesting this Honorable district court to vacate his increased statutory maximum penalty of 40 year imprisonment or 480 month advisory guideline sentence of imprisonment and grant his immediate release from his illegal sentence to correct a fundamentally complete miscarriage of justice to one actually innocent.

Date: 6.30.2022

6/30/22

Respectfully submitted,

*Jason Best*

------------------------

Jason Best #34828-077

USP Atwater

P.O. Box 019001

Atwater, CA 95301

Date:June 30, 2022

Certificate of Service

I Jason Best swear under the Penalty of perjury that I mail a copy of this Petition 28 US C 2241 petitioner to:

Clerk of the court
2500 Tulane Street
Fresno, CA 93721

on this day of 6.30.22

Date: 6.30.22

Respectfully Submitted