# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEST, | Case No. 1:22-cv-00821-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| B.M. TRATE, | (ECF No. 6) |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner Jason Best is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges a sentence imposed by the United States District Court for the Northern District of Indiana. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Northern District of Indiana. (ECF No. 1 at 1.)[1] In 2002, Petitioner was convicted of: one count of conspiracy to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

846 (Count 1); two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3); and two counts of maintaining a place for distribution of crack cocaine, in violation of 21 U.S.C. § 856(a)(1) (Counts 7 and 8). (ECF No. 6 at 2.) Petitioner was sentenced to imprisonment terms of life on Count 1, 240 months imprisonment on Count 2, 480 months on Count 3, 240 months on Count 7, and 240 months on Count 8, all to be served concurrently. (Id.)

On October 24, 2005, the Seventh Circuit affirmed the judgment but ordered a "limited remand . . . so that the district court may inform us whether it is inclined to impose the same sentence under the now-advisory Guidelines." United States v. Best, 426 F.3d 937, 948 (7th Cir. 2005). The district court replied that it would reimpose the same sentence, and the Seventh Circuit affirmed the sentence, finding that Petitioner "failed to rebut the presumption of the reasonableness of his sentence" and "independent review does not suggest that the sentence is unreasonable." United States v. Best, 175 F. App'x 755, 755, 756 (7th Cir. 2006). On February 20, 2007, Petitioner's petition for writ of *certiorari* was denied. Best v. United States, 549 U.S. 1230 (2007).

On September 22, 2008, the United States District Court for the Northern District of Indiana denied Petitioner's § 2255 motion. Opinion and Order, Best v. United States, No. 2:08-cv-00059 (N.D. Ind. Sept. 22, 2008), ECF No. 1.[2] On March 1, 2022, Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582 was granted, and Petitioner's term of imprisonment on Count 1 was reduced to 480 months. Order Reducing Sentence, United States v. Best, No. 2:00-cr-00171 (N.D. Ind. Mar. 1, 2022), ECF No. 833.

On July 5, 2022, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In the petition, Petitioner asserts that he is actually innocent of his sentence of 480 months, arguing he received an enhanced sentence without a jury

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

making the specific drug quantity finding that ultimately was used to calculate his sentence. Respondent moves to dismiss the petition, arguing that Petitioner fails to raise a constitutional or federal statutory challenge and Petitioner's claim may not be raised under 28 U.S.C. § 2241. (ECF No. 6.) No opposition or statement of non-opposition to the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

Previously, the Ninth Circuit stated that it had "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). Subsequently, in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit held that a petitioner could establish actual innocence of a mandatory sentencing enhancement for purposes of qualifying for the escape hatch. Id. at 1189–90. The Ninth Circuit also held "that *Allen* is limited to petitioners who 'received a mandatory sentence under a mandatory sentencing scheme.'" Shepherd v. Unknown Party, 5 F.4th 1075, 1077 (9th Cir. 2021) (quoting Allen v. Ives, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J., concurring in the denial of the petition for rehearing en banc)).

Here, Petitioner challenges his reduced 480-month sentence on Count 1. (ECF No. 1 at 11.) In granting a sentence reduction under § 3582, the sentencing court stated in pertinent part:

> The parties agree that defendant is eligible for First Step Act relief on Count 1, the only count presently not in time-served status. (DE # 826.) The court now considers whether a reduction in defendant's sentence is appropriate as to this count.
>
> The court first considers the advisory sentencing guidelines range applicable to defendant, which in this case, even post-Fair Sentencing Act, would be life imprisonment. (DE # 813.) However, the Fair Sentencing Act shifts the applicable statutory penalty range from 10 years to life imprisonment, to 5 to 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B) & 960(b)(2). Therefore, the guidelines range for Count 1 becomes the statutory maximum: 40 years. U.S.S.G. § 5G1.1. The court has carefully considered this advisory guidelines sentence in resolving the present motion.

> . . .
>
> In light of all of the factors the court has considered above, the court finds that reducing defendant's sentence on Count 1 from life imprisonment to a guidelines sentence of 40 years is appropriate. A 40-year sentence comports with the First Step Act, as it does not exceed the post-Fair Sentencing Act statutory maximum applicable to Count 1. While the court acknowledges it has the power to impose a below-guidelines sentence, it declines to do so for the reasons set forth above.

Order Reducing Sentence 3, 5, Best, No. 2:00-cr-00171 (N.D. Ind. Mar. 1, 2022), ECF No. 833.

As clearly set forth in the order reducing Petitioner's sentence, the United States District Court for the Northern District of Indiana resentenced Petitioner to an advisory guidelines sentence. Given that "*Allen* is limited to petitioners who 'received a mandatory sentence under a mandatory sentencing scheme,'" Shepherd, 5 F.4th at 1077 (citation omitted), the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the savings clause of § 2255(e).[3] See Shepherd, 5 F.4th at 1078 (holding that petitioner "cannot show that he was actually innocent of the career offender enhancement utilized during sentencing" because he "was sentenced after the guidelines became advisory"); Mendoza v. Salazar, 856 F. App'x 67, 68 (9th Cir. 2021) (claim that prior state criminal convictions were not predicate crimes for career offender designation which increased advisory sentencing range was not a cognizable "actual innocence" claim under § 2241). Accordingly, this Court lacks jurisdiction over the petition, and it should be dismissed.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 6) be GRANTED.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

///

---

[3] In light of this conclusion, the Court declines to address whether Petitioner never had an unobstructed procedural shot at presenting his claim.

5

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 6, 2023**            /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE