UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEST,<br><br>            Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>            Respondent. | No. 1:22-cv-00821-ADA-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF Nos. 6, 8) |

Petitioner Jason Best ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2023, the assigned Magistrate Judge issued findings and recommendations recommending dismissal of the petition for lack of jurisdiction as Petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255(e). (ECF No. 8.) The findings and recommendations were served on Petitioner and contained notice that any objections were to be filed within thirty days of the date of service of the findings and recommendations. (*Id.* at 6.) To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

*de novo* review of the case. Having carefully reviewed the entire file, the Court will adopt the recommendation of dismissal, but based upon the Supreme Court's recent decision in *Jones v. Hendrix*, No. 21-857, 2023 WL 4110233 (U.S. June 22, 2023). In *Jones*, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition," declaring that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions [required to bring a second or successive § 2255 motion] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at *5, 9.[1]

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability (COA) should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Here, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

---

[1] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

2

Accordingly,

1. The findings and recommendations issued on April 6, 2023, (ECF No. 8), are adopted with respect to the recommendation of dismissal of the petition;
2. Respondent's motion to dismiss, (ECF No. 6), is granted;
3. The petition for writ of habeas corpus, (ECF No. 1), is dismissed;
4. The Clerk of Court is directed to close the case; and
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   September 5, 2023

_____
UNITED STATES DISTRICT JUDGE